# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FLOYD HOPKINS III,**

                    Plaintiff,

                                                      **Case No. 07-C-458**

      **-vs-**

**MILWAUKEE COUNTY HOUSE OF CORRECTION,**

                    Defendant.

## DECISION AND ORDER

Floyd Hopkins ("Hopkins") filed a *pro se* civil rights complaint against the Milwaukee County House of Correction, accompanied by a request for leave to proceed *in forma pauperis* ("IFP"). To authorize a litigant to proceed IFP, the Court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action; and (2) whether the action warrants dismissal because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. 28 U.S.C. §§ 1915(a)(1) & (e)(2).

In his financial affidavit, Hopkins provides very little information. However, he claims to have no money and no income. He concludes by stating: "Because I have Graves Disease and cannot work, I cannot pay for my medications or maintain any meaningful and gainful employment." Accordingly, the Court will grant Hopkins' request to proceed IFP.

Hopkins alleges that he suffered serious medical complications from inadequate and negligent medical care during his incarceration at the Milwaukee County House of

Correction – he is no longer incarcerated. Hopkins' claim falls under the auspices of 42 U.S.C. § 1983. To state such a claim against a municipality, Hopkins must establish that his injuries were caused by "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

Hopkins alleges that he complained of health problems during his brief incarceration (June 14 to October 15, 2004), but that the correctional officers did not provide him with proper care. He states that the "correctional officers *broke proper standard protocol of inmates seeking immediate medical attention, in which I should have been hospitalized*, the medical facility there only wanted to increase my food portions, which did nothing for my personal well being." (Complaint, ¶ 3) (emphasis added). Accordingly, Hopkins' alleged injuries apparently were not caused by the execution of an express policy. However, construing Hopkins' *pro se* complaint liberally, his allegations do not foreclose the possibility that the failure to provide proper and immediate medical care was a "common practice . . . so widespread and well settled as to constitute a custom or usage with the force of law even though it is not authorized by written law or express policy." *Lawrence v. Kenosha County*, 391 F.3d 837, 844 (7th Cir. 2004).

Hopkins also properly alleges the elements of an Eighth Amendment claim for cruel and unusual punishment. A prison's "'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 828, 828 (1994). Hopkins alleges and implies that his captors knew of his worsening medical

condition. *See Glisson v. Sangamon County Sheriff's Dep't*, 408 F. Supp. 2d 609, 621 (C.D. Ill. 2006) (to state an Eighth Amendment claim, plaintiffs "must allege that he was subjected to unnecessary and wanton infliction of pain without any penological justification").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Hopkins' motion for leave to proceed IFP [Docket No. 2] is **GRANTED**; and

2. The United States Marshal **SHALL** serve a copy of the complaint, the summons, and this order upon Milwaukee County House of Corrections pursuant to Federal Rule of Civil Procedure 4;

3. Hopkins is **NOTIFIED** that he is required to send a copy of every paper or document filed with the Court to the opposing party or its attorney(s). Fed. R. Civ. P. 5(a). Hopkins should also retain a personal copy of each document. If Hopkins does not have access to a photocopy machine, Hopkins may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to the defendant or to the attorney(s) for the defendant;

4. Hopkins is further **ADVISED** that failure to make a timely submission may result in the dismissal of this action for failure to prosecute; and,

5. In addition, the parties **MUST** notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 29th day of May, 2007.

**SO ORDERED,**

**s/ Rudolph T. Randa**
**HON. RUDOLPH T. RANDA**
**Chief Judge**